## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARSHERI REESE EVERSON,<br>400 M St SE, Unit 306<br>Washington, D.C. 20003<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC.,<br>202 6th St., Suite 401<br>Castle Rock, CO 80104<br><br>Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff, M. Reese Everson, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1.      This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2.      Plaintiff, a shareholder of Defendant Riot Blockchain Corporation ("Riot Blockchain" or the "Company"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 4 in the 2018 Proxy Statement for the annual meeting of Riot Blockchain shareholders scheduled for June 15, 2018 ("Proposal 4").  The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3.      Proposal 4 requests that the shareholders approve the Riot Blockchain

Corporation Omnibus Incentive Plan (the "Plan") that would allow the Company to issue awards in the form of stock options, stock appreciation rights, restricted stock, restricted stock units, cash incentive awards; and other awards including stock bonuses, performance stock, performance units, dividend equivalents, or similar rights to purchase or acquire shares. The Company is seeking approval for an additional 750,000 shares to be made available under the Plan for future grants, increasing the number of shares from 895,000 to 1,645,000.  But it is unclear how many participants are in the Plan and why they are receiving these awards.  SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101.  Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4.     Proposal 4 of the 2018 Proxy Statement fails to disclose the approximate number of eligible participants and the bases of their participation in the Plan.

5.     Moreover, Item 10(b)(2)(i) of Schedule 14A requires that

[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action, state:

(A) The title and amount of securities underlying such options, warrants or rights;

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant;

6.     The Plan includes non-qualified options, performance units and rights and a number of other equity-based rights, but Proposal 4 fails to disclose information required by Item 10(b)(2)(i).

7.     Thus, the 2018 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

9.     In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

10.     Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

11.     Plaintiff is, and has been continuously since June 2014, a holder of Riot Blockchain common stock.

12.     Riot Blockchain is a corporation organized under the laws of the State of Nevada. The Company's last fiscal year ended December 30, 2017.  As of May 16, 2018, it had 13,475,132 shares of common stock outstanding.  Riot Blockchain's common stock is traded on

the NASDAQ Stock Exchange under the symbol RIOT.  Formerly known as Bioptix Inc., the Company changed its name to Riot Blockchain in October 2017, transforming itself from a company that makes diagnostic machinery for the biotech industry to a company that focuses on acquiring cryptocurrency and blockchain businesses.

## WRONGFUL ACTS AND OMISSIONS

13.     Riot Blockchain has scheduled the annual shareholders' meeting for June 15, 2018.  On May 14, 2018, it furnished its shareholders with the 2018 Proxy Statement to solicit their proxies for four management proposals and to transact other business that may properly come before the annual meeting.

14.     Proposal 4 requests that the shareholders approve an amendment to the Plan, which Riot Blockchain will be able to use to grant stock options, stock appreciation rights, restricted stock, restricted stock units, cash incentive awards; and other awards including stock bonuses, performance stock, performance units, dividend equivalents, or similar rights to purchase or acquire shares to participants of the Plan immediately after the stockholder vote.  But this proposal fails to provide sufficient – and federally required – information for Riot Blockchain stockholders to understand how many participants there are in each class, or why they are eligible for such shares.

15.     Because Proposal 4 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2018 Proxy Statement to disclose certain information concerning the Plan.  Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans.  If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

4

(a)      Plans subject to security holder action.

(1)      Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2018 Proxy Statement omits these disclosures.

16.      Instead of providing the "approximate number of persons in each such class, and

… the basis of such participation," Proposal 4 fails to mention that information.  The 2018 Proxy

Statement provides:

**Eligibility.** Awards may be granted pursuant to the 2017 Plan only to persons who are eligible persons. Under the 2017 Plan, "Eligible Person" means any person who is either: (a) an officer (whether or not a director) or employee of the Company or one of its subsidiaries; (b) a director of the Company or one of its subsidiaries; or (c) a consultant who renders bona fide services to the Company or one of its subsidiaries; provided, however, that ISOs may be granted only to employees.

Proxy at 26.

17.      The above paragraph merely describes four classes of persons – (i)

officers of the Company and its subsidiaries; (ii) employees of the Company and its

subsidiaries; (iii) directors of the Company and its subsidiaries; and (iv) consultants who

render services to the Company and its subsidiaries – but it does not explain how many

persons are in each class, and it does not provide the bases of their participation.

18.      The text of the Plan is not attached to the 2018 Proxy Statement, but only

to the 2017 Proxy Statement.

19.      "Subsidiary" as defined by the Plan means "any corporation or other entity

a majority of whose outstanding voting stock or voting power is beneficially owned

directly or indirectly by the Corporation." This definition is quite broad and is unhelpful

to the shareholder to ascertain how many people belong to each category of eligible

persons.

20.     Thus, Proposal 4 is confusing and inaccurate as to who is eligible and it is entirely unclear from the 2018 Proxy Statement how many participants might be awarded the compensation from the Plan that stockholders are being asked to approve or the bases of their receipt of such awards.

21.     Moreover, Item 10(b)(2)(i) of Schedule 14A requires that

[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action, state:

(A) The title and amount of securities underlying such options, warrants or rights;

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant;

22.     Despite the fact that the Plan includes stock option compensation, as well as performance units and rights and a number of other equity-based rights, Proposal 4 fails to provide any information set forth in paragraph (b)(2)(i) of Item 10.

23.     This contravention of the SEC rules renders the 2018 Proxy Statement unlawful under § 14(a) of the Exchange Act.

24.     As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law.  She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for an unknown number of shares to be granted to an unknown number of participants immediately

after this vote.  Unwinding these awards will be impossible.

25.     To ameliorate the injury, injunctive relief is required in the form of an amended and supplemented  proxy statement that provides the information required by Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A with regard to Proposal 4.

26.     Consequently, Riot Blockchain should be enjoined from presenting Proposal 4 for a stockholder vote at the June 15, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Riot Blockchain shareholder in connection with Proposal 4 in the 2018 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A.     A preliminary and permanent injunction, enjoining Riot Blockchain from:

(i)     certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Riot Blockchain shareholder in connection with Proposal 4 in the 2018 Proxy Statement;

(ii)     presenting Proposal 4 for a shareholder vote at the June 15, 2018 annual meeting.

B.     A preliminary and permanent injunction requiring Riot Blockchain to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Items 10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

/

/

/

C.      Awarding such other and further relief as this Court deems just and proper.

Dated: May 31, 2018                              Respectfully submitted,

                                                 **FINKELSTEIN THOMPSON LLP**

                                                 /s Michael G. McLellan
                                                 Michael G. McLellan (Bar # 489217)
                                                 3201 New Mexico Ave, Suite 395
                                                 Washington, D.C. 20016
                                                 Tel:  (202) 337-8000
                                                 Fax:  (202) 337-8090
                                                 mmclellan@finkelsteinthompson.com


                                                 **WOLF HALDENSTEIN ADLER
                                                 FREEMAN & HERZ LLP**
                                                 Gloria Kui Melwani
                                                 270 Madison Avenue
                                                 New York, NY 10016
                                                 Telephone: (212) 545-4600
                                                 Facsimile: (212) 686-0114

                                                 ***Attorneys for Plaintiff***